United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20283-CR-Scola ) |
| Jocelyn Altidor, Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Jocelyn Altidor's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 114.) Without awaiting a response from the Government, the Court concludes Altidor's motion lacks merit. Accordingly, after reviewing the motion, the record, and the relevant legal authorities, the Court **denies** his motion for a reduction of sentence. (**ECF No. 114**.)

**1. Background**

On June 28, 2022, a federal grand jury indicted Altidor and his co-defendants with conspiracy to possess with intent to distribute a controlled substance and possessing with intent to distribute a controlled substance, both while on board a vessel subject to the jurisdiction of the United States. (ECF No. 8.) On December 2, 2022, pursuant to a plea agreement (ECF No. 61) and factual proffer (ECF No. 62), Altidor pleaded guilty to count one of the indictment—the conspiracy count.

In preparation for Altidor's sentencing, the United States Probation Office prepared a pretrial services report ("PSI"), which determined that Altidor had a total offense level of 31, a criminal history category of I, and an advisory guideline range of 108 to 135 months. On February 27, 2023, the Court sentenced Altidor to 60 months in prison, followed by two years of supervised release. (J., ECF No. 91.)

Since Altidor was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Altidor now seeks retroactive application of Amendment 821 to the Court's judgment.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, if both conditions are satisfied, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Altidor is not eligible for a sentence reduction. Even if the Court were to apply a two-point reduction, Altidor's original 60-month sentence would still be lower than the bottom of the new guideline range (87 to 108 months, based on a level 29 and a criminal history of I), precluding further reduction: pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. See U.S.S.G. § 1B1.10(b)(2)(A); see also *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

While there is one narrow exception to this general rule, it does not apply here. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

In this case, Altidor did not provide any substantial assistance to the government. And there has been no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, he is ineligible for a sentence reduction based on this exception.

As a final note, since the application of Amendment 821 would not reduce Altidor's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

**4. Conclusion**

Accordingly, based on the foregoing, the Court **denies** Altidor's motion for a reduction of his sentence (**ECF No. 114**.) The Court also denies Altidor's request for the appointment of counsel.

**Done and ordered** at Miami, Florida on April 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge